JONES et al., Appellants, v. HUMPHREY et al., Respondents.

(199 N. W. 772.)

(File No. 5374.   Opinion filed July 19, 1924.)

1.   Schools and School Districts—Incorporated Towns—District Held
     to Become Independent Under Certain Statute.
         A district or school township organized under Laws 1883, c.
     44, and comprising a town incorporated in 1886, which em-
     braced a section of land in an adjacent township, became an
     independent district under Rev. Code 1919, Sec. 7532, and
     section 7534 applies only to towns incorporated subsequent to
     the taking effect of the Revised Code of 1919.

2.   Schools and School Districts—Injunction—Denial of Temporary
     Injunction Against Use of District Funds to Build Schoolhouse
     Held Not Abuse of Discretion.
         Where the complaint, in action for injunction against use of
     school funds to erect a school building, alleged conspiracy to
     discriminate against the country part of the district, and de-
     fendants' affidavits denied such allegations and tended to jus-
     tify the expenditure, denial of temporary injunction held not
     an abuse of discretion.

3.   Evidence—Presumptions—Use of School District Funds to Build
     Schoolhouse in Incorporated Town Presumed Legal.
         In an action to enjoin use of school district funds to build a
     school building in an incorporated town within the district,
     as Rev. Code 1919, Secs. 7578-7581, provide for establishment
     of graded and high schools in school townships, such expendi-
     ture will be presumed legal, in the absence of designation of
     any particular statute violated.

Appeal from Circuit Court, Hand County; HON. JOHN F.
HUGHES, Judge.

Action by J. L. Jones and others against Bert Humphrey
and others. From an order refusing a temporary injunction,
plaintiffs appeal. Affirmed.

*Crawford & Crawford,* of Huron, for Appellants.

*H. J. Bushfield,* of Miller, for Respondents.

(2) and (3)   To points two and three of the opinion, Appellants cited:   Sec. 2424, Rev. Code 1919; Allison v. Carson, 88 Fed. 584; First Nat. Bank v. Crabtree, 18 S. D. 355; State ex rel. Caldwell v. Express Co., 41 S. D. 337; Isaacson v. Parker, 43 S. D. 142, 42 S. D. 526; Pierre & Ft. Pierre Bridge Co. v. Stuart, 40 S. D. 473; Hines, Director, v. Sumner, (S. D.) 186 N. W. 116; State ex rel. Mort v. Tralstead, 36 S. D. 568; Hunt v. Steese, (Cal.) 17 Pac. 920; Ferris v. Vannier, (Dak.) 42 N. W. 31.

Respondent cited:   Sand v. Peterson, 152 N. W. 271; Huron Water Works Co. v. Huron, 3 S. D. 610; Grant County v. Colonial and U. S. Mtg. Co., 53 N. W. 746; Frost v. Los Angeles, 6 A. L. R. 467; Beatty v. Smith 84 N. W. 208; Le Rew v. Cresbard, 192 N. W. 848.

SHERWOOD, P. J.   This action is brought to restrain the school officers of defendant district from using the money raised by sale of bonds, levying taxes, or letting a contract to build a schoolhouse in the incorporated town of St. Lawrence; also to restrain the county commissioners, auditor, and treasurer of Hand county from approving of, or carrying into effect the acts of such officers, and to declare the organization, on July 1, 1919, of the independent district of St. Lawrence, null and void.

When this action was commenced a temporary restraining order was granted against all the defendants, enjoining them from doing any of the acts above set forth.   The only question now before us is the alleged error of the court in refusing to grant the temporary injunction.   The complaint is very long, occupying nearly 35 pages of the printed abstract.

The causes of action sought to be set forth are three, and may be summarized as follows:

First.   Plaintiff alleged in substance that, because St. Lawrence school district embraced all of township 112—67, and also a section of land which was included in the incorporated town of St. Lawrence, but lay just across the line in township 112— 68, and had such incorporated town within its border, therefore when article 1, c. 4, R. C. 1919, took effect on July 1st, town-

ships 112—67 and 112—68 became a school district under the provisions of section 7534, R. C. 1919, and not under section 7532, R. C. 1919, and therefore the election held only within, and by the electors of, the old school district of St. Lawrence was null and void.

The determination of this question depends upon the construction to be given to sections 7532 and 7534, which read as follows:

Section 7532:

"Any territory, having within its boundaries any city or incorporated town, heretofore organized for school purposes under or by operation of any special or general law, and any such territory hereafter organized for school purposes shall be known as an independent school district, the boundaries of which may or may not coincide with the boundaries of the city or town therein; such district shall constitute a public corporation, distinct from the municipal corporation, and shall be governed by the provisions of this chapter; and every school corporation existing and operating, when this Code takes effect, as an independent school district, though there be no city or town within its boundaries, shall continue as such and be governed by the provisions of this chapter until changed in some manner authorized by law."

Section 7534:

"The incorporation of any town within the boundaries of any one or more districts shall ipso facto operate to organize an independent school district, embracing all the territory of the former district or districts; and the county superintendent shall, without delay, give notice of the election of officers for the new district, by posting notices in not less than three public places in such district."

It is the contention of both plaintiff and defendant that township 112, range 67, was organized either as a school district or a school township, under the law of 1883 and about that time. It also seems clear from the record that when the incorporated town of St. Lawrence was organized in 1886; it embraced within its corporate limits a little more than a section of land in township 112—67, and also another section of land in township 112—68 and that the section of land in township 112—68 be-

came a part of St. Lawrence school township, or district, and has ever since been a part of such district.

[1]  From a careful reading of these sections, it seems too clear for argument that the school district of St. Lawrence had "within its boundaries," when this law was passed, one "incorporated town," to wit, St. Lawrence; that such school district comprised territory, heretofore organized for school purposes under the general laws of South Dakota of 1883, which territory consisted of all of township 112, range 67, and the N. ½ and S. E. ¼ of section 12 and the N. E. ¼ of section 13, township 112, range 68, and all this territory had been together as one school corporation since about the year 1886.  We therefore hold that St. Lawrence school district or township became an independent school district under the provisions of section 7532, R. C. 1919, when said Revised Code took effect July 1st of that year, and as so organized it embraced only the territory of old St. Lawrence school district.

We further hold that section 7534 applies only to towns incorporated subsequent to the taking effect of R. C. 1919.

[2]  Plaintiff alleges, both in his complaint and affidavit, in substance, that on July 1, 1919, the electors residing in the incorporated town of St. Lawrence entered into a confederation and conspiracy against the electors and property owners outside such town, but within the school district of St. Lawrence, to shift the burden of taxation for school purposes from the property owners in town to the property owners outside town, to bond the district for $35,000 to be used largely in the town and paid largely by tax on country property, and proceeded to close or abandon the greater part of the four country schoolhouses in such district to the detriment of the property owners and school patrons outside town, to spend a very small and inadequate part of the money raised by taxes on the country schools and a large and disproportionate part on the school in St. Lawrence, to build a large and expensive schoolhouse in said town, which was not necessary for the proper education of the children, and which schoolhouse would accommodate only the children of the town and did not benefit those residing in the country portion of the district.

The allegations in the complaint and supporting affidavits charging conspiracy and improper motives are all denied by several affidavits made in behalf of defendant. It is shown without dispute, by defendants' affidavits, that 3 of the 5 members of the board of education of the independent district of St. Lawrence now live outside the town of St. Lawrence and more than 2 miles distant, and therefore that the control of the board of education now is and for nearly all the time since July 1, 1919, has been, in the hands of the district lying more than 2 miles outside the town of St. Lawrence; that the bonds were voted at elections legally held, and had large majorities in favor thereof.

The defendants' affidavits further tend to show that a new schoolhouse in the town of St. Lawrence is necessary for the health and education of the children; that the old building is entirely inadequate to seat the pupils; that lights are poor and rooms illy ventilated and drafty; that three schools are now running in the district outside St. Lawrence; that no school in the country district has been closed, or not operated where there were sufficient children to warrant school; that no children in the country were deprived of school; that much more was being spent on the country schools in the district than plaintiff alleged, and none neglected or crippled for funds; that some of the present plaintiffs living in the country had stated that they preferred to send their children to the St. Lawrence school, rather than have the school in their district opened and only on such account, and lack of pupils, was any school in the country closed.

It was the duty of the trial court to consider these affidavits and give them such weight and credence as he deemed each should receive. And we cannot say he abused his discretion in placing such credit upon the affidavits of defendants and vacating the temporary restraining order.

While the complaint is very skillfully and ingeniously drawn, in the last analysis it seems largely to aver that certain legal acts are being done and threatened by a school board and others actuated by a bad motive.

[3] The third cause of action alleges, in substance, that St. Lawrence district is a school township district organized under the laws of 1883, for common school purposes only; that the attempt to bond and tax the property of such town for a

high school and its maintenance is beyond the powers of the district and its officers, and should be restrained both temporarily and permanently. No particular in which the district has exceeded its powers has been pointed out. The violation of no particular law has been pointed out, and none occurs to us.

Provision was made, by section 25 and section 70, c. 44, Session Laws of 1883, for school townships to build and operate graded and high schools. These provisions are continued in sections 1763, 1764, Comp. Laws 1887, and are still in force in sections 7578, 7578, 7580, and 7581, R. C. 1919.

As the law expressly provides for the establishment of graded and high schools in school townships, and no particular in which the school board exceeded its powers is pointed out, it will be presumed their acts are legal until the contrary appears.

No abuse of discretion being shown, the order of the lower court refusing a temporary injunction is affirmed.

ANDERSON, J., not sitting.

Note.—Reported in 199 N. W. 772. See, Headnote (1), American Key-Numbered Digest, Schools and school districts, Key-No. 25, 25 Cyc. 850; (2) Schools and school districts, Key-No. 135, 35 Cyc. 1051; (3) Evidence, Key-No. 83(2), 22 C. J. Sec. 70.